# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6216 | **DATE** | 12/3/2003 |
| **CASE TITLE** | The Morton Grove Organization vs. Village of Morton Grove, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: the MEC and the MCC's motion to dismiss is granted in part and denied in part. The section 1983 claims asserted against these defendants in Count I and II are dismissed without prejudice. Plaintiffs have fourteen days from the date of this Memorandum Opinion and Order to amend those claims, if they can do so in accordance with Rule 11. Defendants' motion is in all other respects denied. Status hearing set for 1/14/04 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 04 2003 date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TBK | courtroom deputy's initials | 03 DEC -3 PM 3:05 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE MORTON GROVE ORGANIZATION, L.L.C., et al., ) ) ) Plaintiffs, ) ) v. ) ) VILLAGE OF MORTON GROVE, et al., ) ) Defendants. ) | No. 03 C 6216<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, the Morton Grove Organization and two unidentified homeowners in Morton Grove, have brought this suit against the Village of Morton Grove and various of its officials, the Muslim Community Center of Chicago ("MCC") and the Muslim Education Center ("MEC") for their alleged violations of plaintiffs' constitutional rights and state law. The MCC and the MEC have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the claims asserted against them. For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

The Morton Grove Organization is a limited liability corporation comprised of homeowners who live in the Village of Morton Grove. (Compl. ¶ 4.) The MCC is an organization that conducts educational, cultural and religious activities for Muslims in metropolitan Chicago. (Id. ¶ 12.) The MEC is a branch or division of the MCC that is located in Morton Grove and operates a Muslim

grade school and conducts Muslim worship services. (Id. ¶ 11.) Plaintiffs John and Jane Doe are homeowners who live within 1,200 feet of the MEC's property. (Id. ¶ 5.)

On September 1, 1989, the MCC purchased a four-acre parcel of real estate in Morton Grove to be used by the MEC as a Muslim elementary school. (Id. ¶¶ 19-22.) In addition to school activities, however, the MEC uses the property for weekly religious services, which are open to the public, and various recreational activities. (Id. ¶¶ 23-25.) The Morton Grove Zoning Code permits schools to be operated in that area, but requires houses of worship and recreation centers to obtain special use permits. (Id. ¶¶ 16-18.)

On November 14, 2002, the MEC and/or the MCC applied to the Village for a special use permit to construct a mosque and expanded educational facility on the property. (Id. ¶ 26.) The Village Plan Commission held public hearings on the application and ultimately recommended that it be denied because the traffic and congestion attendant to the requested use would have an adverse impact on other property in the area. (Id. ¶¶ 27-30.) On April 28, 2003, the Village Board accepted the Plan Commission's recommendation and denied the permit. (Id. ¶ 31.)

Though it has no special use permit, the MEC continues to hold worship services and recreational activities at the Morton Grove property. (Id. ¶ 40.) These activities attract hundreds of people, causing parking, traffic and litter problems that adversely affect the surrounding homeowners. (Id. ¶¶ 40-45.)

Though the actions of the MEC and its members violate the Village's zoning and parking regulations, the Village has intentionally ignored those violations. Plaintiffs claim that defendants' actions violate their constitutional rights and various provisions of state law.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

### Federal Claims

In the first two counts of their complaint, plaintiffs assert section 1983 claims against the MEC and the MCC.[1] Section 1983 provides redress for constitutional deprivations suffered at the hands of certain government actors. 42 U.S.C. § 1983. To state a section 1983 claim against private parties like these defendants, plaintiffs must allege that they "invoked state authority in such a way that [they] should be considered . . . state actor[s]." Davis v. Union Nat'l Bank, 46 F.3d 24, 25 (7th Cir. 1994). The Supreme Court has set forth a number of tests for determining whether a private actor has engaged in state action for section 1983 purposes. They include: (1) the "public function" test, in which private actors are deemed state actors if they perform functions traditionally relegated to the government, Terry v. Adams, 345 U.S. 461, 468-470 (1953); (2) the "state compulsion" test, in which private actors are held to be state actors if their conduct was compelled by state law, custom or practice, Adickes v. Kress, 398 U.S. 144, 168 (1970); (3) the "nexus" test, in which private actors

---

[1] Though Count I is ostensibly asserted only against the Village defendants, the relief plaintiffs seek is an injunction against the MEC and the MCC. (See Compl. ¶ 49A.) Consequently, we have construed Count I as a claim against those defendants as well.

are held to be state actors because they are so heavily regulated or are otherwise so closely intertwined with the state that their actions can fairly be attributed to it, Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974); and (4) the "joint action" test, in which private actors are deemed state actors because they are "willful participant[s] in joint action with the State or its agents," Dennis v. Sparks, 449 U.S. 24, 27 (1980).

As plaintiffs freely admit, they have not alleged that the MEC and the MCC have engaged in state action as it has been defined by the Supreme Court. (See Pls.' Resp. Defs.' Mot. Dismiss at 2) ("Plaintiffs are not alleging either a conspiracy or state action . . . .").) In fact, they do not allege that *any* action by those defendants caused the injuries of which they complain. Rather, according to the complaint, it is the Village's "non-enforcement of zoning and parking regulations" and its "selective[] and preferential[]" treatment of the MEC and the MCC that violated plaintiffs' equal protection rights. (Compl. ¶¶ 48-49; see id. ¶¶ 51-54.) Because plaintiffs do not allege that the MEC and the MCC violated their rights or that they did so under color of state law, the section 1983 claims they assert against those defendants must be dismissed.

**State Law Claims**

In Counts V-VII,[2] plaintiffs allege that the MEC and the MCC have violated various provisions of state law. Defendants argue that Count V, which seeks to enjoin them from using their property in violation of the Village Zoning Code, should be dismissed for failure to state a claim. The Court disagrees.

---

[2]Counts III and IV are mandamus claims asserted solely against the Village defendants.

Illinois law authorizes owners of property within 1,200 feet of a building being used in violation of local zoning laws to file suit to "restrain, correct, or abate the violation." 65 ILL. COMP. STAT. 5/11-13-15. The cause of action is not dependent on the conduct of the municipality. Rather, property owners can file suit either in addition to, or in lieu of, any action taken by the local government. Launius v. Najman, 472 N.E.2d 170, 173 (Ill. App. Ct. 1984) (stating that statute "afford[s] relief to private citizens whose municipal officials are slow or reluctant to act."); City of Chicago v. Westphalen, 418 N.E.2d 63, 78-79 (Ill. App. Ct. 1981) (noting that property owners can bring suit under the statute even if municipal authorities have also done so).

Plaintiffs' allegations are sufficient to state claim for relief under this statute. Plaintiffs allege that: (1) they own property within 1,200 feet of the MEC property; (2) defendants use their property as a house of worship and a recreation center; and (3) those uses of the property violate the Village Zoning Code. (Id. ¶¶ 4-5, 16-18, 23-25.) Those allegations are sufficient to defeat defendants' motion.

Finally, defendants urge the Court to decline to exercise supplemental jurisdiction over Counts VI-VII, which allege violations of the Illinois Constitution. The Court may to decline to exercise supplemental jurisdiction if, among other reasons, it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Though the Court has dismissed the federal claims against the MEC and the MCC, the federal claims asserted against the Village defendants remain. Because we have not dismissed all of the claims over which we have original jurisdiction, we will not relinquish supplemental jurisdiction over the state-law claims in this case.

## Conclusion

For the reasons stated above, the MEC and the MCC's motion to dismiss is granted in part and denied in part. The section 1983 claims asserted against these defendants in Counts I and II are dismissed without prejudice. Plaintiffs have fourteen days from the date of this Memorandum Opinion and Order to amend those claims, if they can do so in accordance with Rule 11. Defendants' motion is in all other respects denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: December 3, 2003